IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GILBERT DOWDY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-624-MJR |
| | ) |
| **JAMES CROSS,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge an "illegal firearms enhancement" allegedly applied to his sentence by the United States District Court for the Western District of Missouri.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

**BACKGROUND**

It appears that Petitioner and ten others were charged in a 27-count indictment with

conspiracy, drug, and money laundering offenses arising from a long-term conspiracy to distribute cocaine and cocaine base in Kansas City, Missouri. *See United States v. Dowdy,* Case No. 90-00026-01-CR-W-FJG (W.D. Mo.). It further appears that Petitioner was found guilty, after a jury trial, of four of the 19 counts with which he was charged. *Id*. Petitioner was sentenced to life imprisonment on Count One (conspiracy to distribute cocaine and cocaine base); 120 months' imprisonment on Count Nineteen (structuring currency transactions to evade the reporting requirement); 240 months' imprisonment on Counts Twenty-Three and Twenty-Four (money laundering), all sentences to run concurrently. *Id.*; *see also United States v. Turner*, 975 F.2d 490, 492 (8th Cir. 1992).

Petitioner appealed his convictions, but the appeal was denied. *United States v. Turner*, 975 F.2d at 490. Petitioner filed a petition for a writ of certiorari, which was denied on January 19, 1993. *Dowdy v. United States*, 506 U.S. 1082 (1993). Petitioner also sought, but was denied, relief pursuant to 28 U.S.C. § 2255. *See Dowdy v. United States*, Case No. 94-0410-CV-W-8-P (W.D. Mo. June 15, 1994).

In the instant § 2241 petition, Petitioner challenges his life sentence which, he claims, is the result of an "illegal firearm enhancement." First, Petitioner asserts that the "firearm enhancement" has been invalidated by the Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2784 (2008) and *McDonald v. Chicago*, 130 S. Ct. 3020 (2010). Second, Petitioner also seems to assert that, regardless of *Heller and McDonald*, the "firearm enhancement" was improperly assessed against him by the trial court.

**DISCUSSION**

Normally a person may challenge his federal conviction only by means of a motion brought

before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner appears to contend that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. With respect to his claim that the "firearm enhancement" has been invalidated by *Heller* and *McDonald*, Petitioner claims his "sentence enhancement for a non-existent offense is fundamentally defective." Because these Supreme Court cases were decided well-after his conviction became final and after the conclusion of his § 2255 action, Petitioner appears to claim that he's entitled to argue these new Supreme Court cases in the instant case. However, § 2255 already provides that a second or successive § 2255 proceeding can be brought if certified by a panel of the appropriate court of appeals (in this case the Eighth Circuit) to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

With respect to his claim that the "firearm enhancement" was not properly imposed by the trial court, he asserts that the "firearm enhancement [has never] been addressed on the merits." It is unclear whether Petitioner made this argument in his direct appeal or in his § 2255. The lack of a factual or legal basis for the "firearm enhancement" would have been as apparent then as Petitioner

argues it is now.  Thus, it is doubtful that relief pursuant to § 2255 is inadequate or ineffective with respect to either of Petitioner's claims .

In any case, in *In re Davenport,* 147 F.3d 605 (7th Cir. 1998) , the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255.  The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added).  The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)."  *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here.  Petitioner does not suggest that the charged conduct is no longer a crime.  To the contrary, Petitioner merely asserts that he is "innocent of a sentencing enhancement."  But, "innocence of a sentencing enhancement" is only innocence in a "technical sense," which is insufficient to show that § 2255 is "inadequate or ineffective" and, thus, allow a § 2241 petition by a federal prisoner.  *In re Davenport*, 147 F.3d 605, 609-610 (7th Cir. 1998).  That is, even if the trial court improperly applied a "firearm enhancement" to Petitioner, such is not the same as "actual innocence" of the underlying offenses.

Finally, this Court disagrees with Petitioner's analysis of the Supreme Court's decisions in *Heller* and *McDonald*.  Both *Heller* and *McDonald* struck down laws banning possession of handguns in the home and premised the Second Amendment's protection of the right to possess a hand gun on the principle of self-defense.  *Heller*, 128 S. Ct. at 2822; *McDonald*, 130 S. Ct. at 3026.

Nothing in *Heller* or *McDonald* suggests that a federal firearm sentencing enhancement - such as that found in § 2D1.1(b)(1) of the Sentencing Guidelines which provides that a two-level enhancement is applied to a defendant's base offense level if the defendant's drug offense involved the possession of a firearm - is invalid. Put simply, the Second Amendment does not protect one's right to possess a firearm to deal illegal drugs.

## DISPOSITION

Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 24th day of September, 2010.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**