# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GILBERT DOWDY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-cv-624-MJR** |
| | ) | |
| **JAMES CROSS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's motion for reconsideration (Doc. 5) of this Court's Orders dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docs. 3 and 4). In reaching the conclusion that § 2241 did not provide Petitioner relief, this Court considered whether the instant petition could proceed under the "savings clause" of 28 U.S.C. § 2255(e) which permits a federal prisoner to bring a § 2241 habeas petition when relief under § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e). This Court determined that the "savings clause" did not apply to Petitioner's case and, therefore, that he could not proceed by means of a § 2241 petition. In the instant motion for reconsideration (Doc. 5) argues that he can proceed under the "savings clause" with this action.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533,

535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992).   If  a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'"   *Id.* (citations omitted).   As of December 1, 2009, motions under Rule 59(e) must be filed "no later than 28 days after the entry" of the challenged order.

        The instant motion was filed within 28 days of the order and judgment being challenged and the substance of the motion is that the Court erred in applying the law to the facts asserted in the § 2241 petition.  As such, the Court construes the motion as being filed under Rule 59(e).

        Upon review of the record, the Court remains persuaded that its ruling dismissing the § 2241 petition was correct.  Therefore, the instant motion (Doc. 5) is **DENIED**.

        **IT IS SO ORDERED.**

        **DATED this 13th day of October, 2010.**


                                    **s/ Michael J. Reagan**
                                    **MICHAEL J. REAGAN**
                                    **United States District Judge**